# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

THOMAS CLOUD,                               )
                                            )
              Plaintiff,         )
                                            )
   v.                                       )    2:10-cv-00139-WTL-MJD
                                            )
T. NICHOLS, et al.,                         )
                                            )
              Defendants.        )

## Entry Discussing Motion for Summary Judgment

For the reasons explained in this Entry, the motion for summary judgment filed by the defendants must be **granted**.

## Background

Thomas Cloud brings this action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). His claim is that the defendants used constitutionally excessive force against him on April 2, 2010, at the United States Penitentiary at Terre Haute, Indiana ("USP"). The USP is a prison operated by the Federal Bureau of Prisons ("BOP"). The defendants have appeared and seek resolution of Cloud's claim through the entry of summary judgment. Cloud opposes the motion for summary judgment.

## Summary Judgment Standard

A motion for summary judgment must be granted Aif the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no Agenuine@ dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A) and (B).

## Material Facts

The BOP has promulgated an administrative remedy system, codified at 28 C.F.R. § 542.10 *et seq.*, pursuant to which an inmate may seek administrative review of nearly every aspect of his imprisonment.

That remedy system prescribes that the inmate first submit an informal remedy request ("BP-8") to appropriate penitentiary staff. If the inmate is not satisfied with the response to his informal remedy request, he may initiate the formal remedy procedure. The formal remedy procedure requires the inmate to first address his complaint ("BP-9") to the institution's Warden. If dissatisfied with the Warden's response to the BP-9, the inmate may file an appeal ("BP-10") to the BOP's Regional Director. If not satisfied with the response of the Regional Director, the inmate may file an appeal ("BP-11") to the BOP's General Counsel ("Central Office"). The response of the Central Office to the BP-11 is the final step in the BOP's administrative remedy procedure process.

The BOP maintains a searchable record of administrative remedy requests and responses. Those records show the following with respect to the incident forming the basis of Cloud's claim of excessive force.

> Cloud filed a BP-9 on April 29, 2010. This BP-9 was denied at the institution level on May 7, 2010.
>
> On May 26, 2010, Cloud filed an appeal (the BP-10) to the Regional Director.
>
> Cloud's appeal was rejected on a technical ground by the Regional Director, but Cloud was provided an opportunity to correct the defect by refilling his BP-10.

Cloud then filed an appeal to the Central Office (BP-11) on August 18, 2010. This appeal was denied on January 20, 2011.

Meanwhile, Cloud filed On May 24, 2010, Cloud filed this lawsuit. In other words, this lawsuit was filed two days before Cloud filed his first appeal, a BP-10, from the denial of his BP-9.

## Discussion

In acting on a motion for summary judgment, "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

The Prison Litigation Reform Act (APLRA@) requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted).

The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.*

The substance of the defendants' motion for summary judgment is that Cloud filed this lawsuit prematurely, meaning not "properly." Cloud admits that he filed this lawsuit before the administrative remedy process was complete, but argues that the case should not be dismissed because he has now completed the process.

Cloud's response, just described, might appear to arrive at the same destination as that which is commanded by the PLRA. It is decidedly not the path required by the PLRA, however, because proper exhaustion is required. "In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Indeed, the purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary,* 255 F.3d 446, 450–51 (7th

Cir. 2001). This purpose is defeated if an inmate files suit before an available administrative exhaustion procedure is completed. Thus, following the sequence commanded by Congress is an important part of the statutory scheme.

The scenario here was presaged in *Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004), wherein the Court of Appeals explained:

> Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. "No action shall be brought" until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.

Because it is undisputed here that Cloud failed to exhaust his available administrative remedies before filing this lawsuit, the defendants' motion for summary judgment [77] is **granted.** Cloud's motion for excusable neglect [81] is **denied**.

Judgment dismissing this case without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 05/18/2012

Distribution:

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
gerald.coraz@usdoj.gov

Thomas Cloud
13106-041
Lewisburg - USP
P.O. Box 1000
Lewisburg, PA 17837

*William T. Lawrence* (signature)
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana